UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAWUD AMEEN HUSAIN, | ) |
| Petitioner, | ) ) |
| v. | ) ) No. 4:20-cv-00586-SNLJ |
| RICHARD JENNINGS, | ) ) ) |
| Respondent. | ) ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on a document filed by petitioner Dawud Ameen Husain that has been construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, the petition will be dismissed for failure to exhaust state remedies.

**Background**

On May 1, 2018, a jury convicted petitioner of unlawful possession of a firearm. *State of Missouri v. Husain*, No. 17SL-CR03102-01 (21st Jud. Cir., St. Louis County).[1] He was sentenced to seven years' imprisonment on July 24, 2018. Petitioner filed a direct appeal, which was dismissed by the Missouri Court of Appeals on January 2, 2020, due to petitioner's failure to comply with Missouri Supreme Court Rules. *State of Missouri v. Husain*, No. ED107744 (Mo. App. 2020). On February 7, 2019, petitioner filed a motion to vacate, set aside, or correct the judgment or sentence in state court. *Husain v. State of Missouri*, No. 19SL-CC00559 (21st Jud.

---

[1] Petitioner's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

Cir., St. Louis County). That motion is still pending. Petitioner filed the instant action on April 27, 2020. (Docket No. 1).

## The Petition

Petitioner is a self-represented litigant who is currently incarcerated at the Missouri Eastern Correctional Center in Pacific, Missouri. He filed this action on a Court-provided 28 U.S.C. § 2241 form, which the Court has construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] Petitioner states that he is "challenging the forced and false arrest, prosecution and sentencing" in *State of Missouri v. Husain*, No. 17SL-CR03102-01 (21st Jud. Cir., St. Louis County). (Docket No. 1 at 2).

The petition includes four grounds for relief. First, petitioner alleges that his right to due process was violated when he was "falsely arrested while no crime was committed." (Docket No. 1 at 6). Second, he states that he has "first-hand knowledge that [he] had not committed an act causing harm, injury or damage to another's person or property." Third, he claims that the court wrongfully allowed his property – specifically, his firearm – to be used against him, in violation of the right against self-incrimination. Finally, petitioner asserts that the court "usurped jurisdiction over [him]," and that the "court knew it was not a court of law, a court of equity, nor a court of justice." (Docket No. 1 at 7). With regard to relief, petitioner seeks "immediate release and restoration of [his] liberty."

On August 3, 2020, petitioner filed a document titled "Supplemental Petition for Liberty." (Docket No. 7). In the supplement, petitioner again requests immediate release "from his wrongful and unlawful imprisonment." To support his request, he presents excerpts from the United States

---

[2] Petitioner is a convicted state prisoner. Therefore, he "can only obtain habeas relief through § 2254, no matter how his pleadings are styled." *Crouch v Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (stating that not only was § 2254 an appropriate vehicle for state prisoner's claims, it was, "as a practical matter, the only vehicle").

2

Constitution, the United States Supreme Court, the Missouri Constitution, and a speech from Abraham Lincoln.

## Discussion

Petitioner is a self-represented litigant who has filed an action that has been construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, the petition will be dismissed for failure to exhaust.

### A. Exhaustion

A petitioner in state custody seeking relief pursuant to 28 U.S.C. § 2254 must first exhaust available state remedies before pursuing federal habeas relief. *Wayne v. Missouri Bd. of Probation & Parole*, 83 F.3d 994, 996 (8th Cir. 1996). *See also White v. Wyrick*, 651 F.2d 597, 598 (8th Cir. 1981) (stating that "[i]t is elementary that a § 2254 petitioner must exhaust available state remedies before he is entitled to relief in federal court"). This provides the state an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement also prevents disruption of state judicial proceedings. *Rose v. Lundy*, 455 U.S. 509, 517 (1982).

To exhaust state remedies, a petitioner must fairly present his claims in each appropriate state court. *Nash v. Russell*, 807 F.3d 892, 898 (8th Cir. 2015). *See also Randolph v. Kemna*, 276 F.3d 401, 403 (8th Cir. 2002) (stating that petitioner "must give the state courts one full opportunity to resolve any constitutional issue by invoking one complete round of the state's established appellate review process"); and *Wayne*, 83 F.3d at 998 (stating that "[a]ll that is required to satisfy the exhaustion requirement is that the federal claims be fairly presented to the state courts in one full round of litigation"). This requires the petitioner to submit not only the facts, but also the substance of his federal habeas claim to the state court. *Abdullah v. Groose*, 75 F.3d 408, 411 (8th

3

Cir. 1996). Specifically, in order "to satisfy the 'fairly presented' requirement, a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Barrett v. Acevedo*, 169 F.3d 1155, 1161-62 (8th Cir. 1999). "It follows, of course, that once the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986).

In this case, as noted above, petitioner has filed a motion to vacate, set aside, or correct the judgment or sentence in state court. *Husain v. State of Missouri*, No. 19SL-CC00559 (21st Jud. Cir., St. Louis County). An attorney entered an appearance on petitioner's behalf. That attorney later withdrew at petitioner's request. At this point, petitioner's postconviction motion is still pending in the circuit court. If the Court were to intervene, it would deny the state an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *See Baldwin*, 541 U.S. at 29. It would also disrupt the state judicial proceedings. *See Rose*, 455 U.S. at 517. As such, petitioner has not exhausted his state remedies.

**B. Summary Dismissal**

Rule 4 of the Rules Governing § 2254 Cases for the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Here, petitioner has not demonstrated that he has exhausted his state remedies, as he still has a postconviction action pending in state court. Exhaustion is a prerequisite to filing suit in federal court. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that…the applicant has exhausted the remedies available in the courts of

the State"). Because petitioner has not exhausted his state remedies, the petition must be denied and dismissed.

### C. Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability. In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, so the Court will not issue a certificate of appealability.

### D. Motion to Proceed in Forma Pauperis

Petitioner has filed a motion for leave to proceed in forma pauperis. (Docket No. 5). Having reviewed the motion and the financial information submitted in support, the Court finds that it should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Docket No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1) is **DENIED AND DISMISSED** for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(b)(1)(A). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 12th day of August, 2020.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE